UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>BUKHARI NAJEEULLAH BAASET, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00089-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; AND SETTING ASIDE DEFENDANT'S DEFAULT**<br><br>Docket No. 16 |

Plaintiff G&G Closed Circuit Events, LLC ("G&G") has filed suit against two Defendants: (1) Bukhari Najeeullah Baaset, individually and doing business as BNB Wings N' Things ("Mr. Baaset"), and (2) BNB Wings N' Things LLC ("BNB LLC"). Currently pending before the Court is G&G's motion to strike the answer filed by Mr. Baaset.[1] The Court finds this matter suitable for resolution without oral argument. The motion to strike is hereby **DENIED**. The default entered against Mr. Baaset is also **SET ASIDE**. At this juncture, however, the default entered against BNB LLC stands.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

A.   Complaint

In its complaint, G&G alleges as follows. G&G had the exclusive nationwide commercial distribution (closed-circuit) rights to a certain boxing program telecast nationwide on April 22, 2023. *See* Compl. ¶ 18. G&G entered into sublicensing agreements with various entities,

---

[1] No opposition was filed within the timeframe established by the Civil Local Rules. However, on May 3, 2024, Mr. Baaset belatedly filed a response to the motion to strike. *See* Docket No. 19 (response).

1   including entities within California, which allowed the entities the right to publicly exhibit the

2   boxing program at their commercial establishments.  *See* Compl. ¶ 19.

3         BNB LLC owns a commercial establishment doing business as BNB Wings N' Things,

4   located in San Francisco, California.  *See* Compl. ¶ 7.  BNB Wings N' Things sells food and

5   alcoholic beverages to its customers.  *See* Compl. ¶ 15.  Mr. Baaset is the CEO and Managing

6   Member of BNB LLC, as reflected in filings made with the California Secretary of State.  *See*

7   Compl. ¶ 9.  Defendants did not have a sublicense to publicly exhibit the boxing program at BNB

8   Wings N' Things.  However, they advertised on social media posts that they would be showing the

9   boxing program at BNB Wings N' Things, *see* Compl. ¶ 16, and on April 22, 2023, they

10  intercepted and publicly exhibited the program at the commercial establishment.  *See* Compl. ¶ 23.

11        Based on, *inter alia*, the above allegations, G&G has asserted the following causes of

12  action: (1) violation of the federal Communications Act of 1934, *see* 47 U.S.C. § 605 *et seq.*; (2)

13  violation of the Cable & Television Consumer Protection & Competition Act of 1992, *see* 47

14  U.S.C. § 553; (3) conversion; and (4) violation of California Business & Professions Code §

15  17200.  G&G seeks among other things, statutory damages in the amount of $170,000,

16  compensatory damages, punitive damages, and attorneys' fees.

17  B.   <u>Service of Complaint</u>

18        G&G served its complaint on Defendants by personal delivery on January 31, 2024.  *See*

19  Docket Nos. 11-12 (proof of service).  Under Federal Rule of Civil Procedure 12(a), Defendants

20  were required to serve an answer within 21 days after being served with the complaint.  *See* Fed.

21  R. Civ. P. 12(a)(1)(A)(i).

22        Because Defendants did not file an answer or otherwise respond to the complaint within

23  the above timeframe, G&G moved for entry of default on March 14, 2024.  *See* Docket No. 13

24  (motion).  A copy of the motion was served on Defendants by mail.  *See* Docket No. 13 (proof of

25  service).  Several days later, on March 18, 2024, the Clerk entered a default as to both Defendants,

26  *i.e.*, Mr. Baaset and BNB LLC.  *See* Docket No. 14 (notice).

27        Only three days later, on March 22, 2024, Mr. Baaset filed an answer to G&G's complaint.

28  *See* Docket No. 15 (answer).  G&G now moves to strike the pleading filed by Mr. Baaset.

## II. DISCUSSION

G&G moves to strike Mr. Baaset's answer on the ground that a default has already been entered against him. In light of Mr. Baaset's pro se status, however, the Court liberally construes his filing of an answer as a motion to set aside the entry of default as well. Mr. Baaset's opposition to the motion to strike – though untimely filed – also warrants this approach.

Under Federal Rule of Civil Procedure 55(c), a court has discretion to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).

> To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default . . . would prejudice" the other party. This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.

*United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "At the same time, courts are directed to be 'solicitous towards movants,' particularly pro se litigants, and to deny a motion to set aside default only where 'extreme circumstances' exist." *J & J Sports Prods. v. Castro*, No. 11-CV-05468-RMW, 2012 U.S. Dist. LEXIS 133400, at *3 (N.D. Cal. Sept. 17, 2012); *see also Mesle*, 615 F.3d at 1089 (stating that "[o]ur rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation").

The Court concludes that there is good cause to set aside Mr. Baaset's default. There is no indication that he engaged in culpable conduct that led to the default, especially when he is a pro se litigant and his answer was only about a month late. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) ("[W]e have typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."). Also, Mr. Baaset may well have a meritorious defendant as he has largely denied the allegations made in the complaint, and there is no unfair prejudice to G&G given that it only initiated this case at the beginning of the year. Finally, there are no extreme circumstances suggesting that denial of the motion to set aside would be warranted.

3

### III. CONCLUSION

Accordingly, the Court **SETS ASIDE** Mr. Baaset's default and **DENIES** G&G's motion to strike his answer. The Court notes that only Mr. Baaset's default is set aside. At this juncture, the default entered against BNB LLC stands. The Court also notes for Mr. Baaset's benefit that he is entitled to represent himself in this lawsuit, but he cannot represent BNB LLC. BNB LLC may appear only through counsel *See* Civ. L.R. 3-9(a)-(b).

Because the case against Mr. Baaset shall proceed, the Court directs him to several resources that may be helpful to him as a pro se litigant: (1) the Court's Pro Se Handbook which is available at https://www.cand.uscourts.gov/pro-se-litigants/ and (2) the Legal Help Center, a service offered by the Justice & Diversity Center of the Bar Association of San Francisco. More information about the Legal Help Center is available at https://www.cand.uscourts.gov/about/court-programs/legal-help-desks/.

Finally, given the nature of the case, the Court sua sponte refers the case to a settlement conference before a magistrate judge. A settlement conference shall be held within one hundred twenty (120) days. The Court temporarily **STAYS** proceedings until the settlement conference is completed. Within one week after the settlement conference, the parties shall file a joint status report, indicating whether the case settled and proposed next steps.

This order disposes of Docket No. 16.

**IT IS SO ORDERED**.

Dated: May 6, 2024

_____
EDWARD M. CHEN
United States District Judge