Thomas P. Riley (CA SBN 194706)
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
First Library Square
1114 Fremont Avenue
South Pasadena CA 91030-3227
Telephone No. (626) 799-9797
Facsimile No. (626) 799-9795
www.tprlaw.net
tprlaw@att.net

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC.,

Bukhari Najeeullah Baaset
BNB Wings N Things, LLC
3600 Sierra Ridge Avenue, #5304
Richmond CA 94806

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **G & G Closed Circuit Events, LLC** | **Case No. 3:24-cv-00089-EMC** |
| **Plaintiff,** | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| **vs.** | |
| | **FOR:    The Honorable Edward M. Chen** |
| **Bukhari Najeeullah Baaset , et al.,** | **DATE:  February 25, 2025** |
| **Defendants.** | **Time:    1:30 P.M.** |

     The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

     **WHEREFORE**, the Parties make the following representations and recommendations:

## 1. JURISDICTION AND SERVICE.

**Plaintiff's Position:**

There are no issues as to jurisdiction of the subject matter, jurisdiction of the parties herein, or as to venue. Defendants were served on February 5, 2024 (Dkt. No. 11, 12). Defendants filed an answer on March 22, 2024. (Dkt. No. 15).

**Defendants' Position:**

Please see attached

## 2. STATEMENT OF FACTS AND PRINCIPAL FACTUAL ISSUES TO WHICH THE PARTIES DISPUTE.

**Plaintiff's Position:**

Plaintiff, G & G Closed Circuit Events, LLC claims that the defendants Bukhari Najeeullah Baaset , individually and d/b/a BNB Wings N Things, individually and d/b/a BNB Wings N Things, BNB Wings N Things, LLC an unknown business entity doing business as BNB Wings N Things misappropriated (or permitted the misappropriation of) a championship boxing event to which the Plaintiff owned the exclusive commercial exhibition rights and thereafter exhibited (or permitted the exhibition of) the event at the commercial establishment (BNB Wings N Things) in San Francisco, California which they operate. The subject event, broadcast on Saturday, April 22, 2023, was the *Gervonta Davis v. Ryan Garcia Fight Program (*hereinafter collective referred to as "*Program* ").

Until discovery is complete, Defendants' factual contentions, and each of them, are disputed by the Plaintiff.

**Defendants' Position:**

Please see attached

## 3. LEGAL ISSUES.

**Plaintiff's Position:**

Plaintiff is presently uncertain as to precisely what legal issues will ultimately be contested by the Parties.

**Defendants' Position:**

Please see attached

## 4. MOTIONS.

**Plaintiff's Position:**

Plaintiff anticipates filing a motion for summary judgment and motions in limine in advance of trial. At present, there are no motions pending, however defendant BNB Wings N Things, LLC is presently in default and Plaintiff anticipates filing an Application for Default Judgment by the Court as to this defendant, near term.

**Defendants' Position:**

Please see attached

## 5. AMENDMENT OF PLEADINGS.

**Plaintiff's Position:**

The Plaintiff does not anticipate amending the pleadings (complaint) at this time.

**Defendants' Position:**

Please see attached

**6.  EVIDENCE PRESERVATION.**

**Plaintiff's Position:**

     The Plaintiff has taken affirmative steps to preserve evidence related to the issues presented by the instant action.

**Defendants' Position:**

     Please see attached

**7.  DISCLOSURES.**

**Plaintiff's Position:**

     The Plaintiff served its Initial Disclosures on August 21, 2024.

**Defendants' Position:**

     Please see attached

**8.  DISCOVERY.**

**Plaintiff's Position:**

     The Plaintiff respectfully requests that the discovery in this action not be limited nor conducted in phases. Plaintiff proposes a fact discovery deadline of November 15, 2025. Plaitiff does anticipate the need for expert discovery.

**Defendants' Position:**

     Please see attached

**9. CLASS ACTIONS.**

**Plaintiff's Position:**

    Not anticipated.

**Defendants' Position:**

    Please see attached

**10. RELATED CASES.**

**Plaintiff's Position:**

    There are no other active commercial signal piracy cases involving the instant defendants pending before the United States District Court for the Northern District of California (or any other Court) at this time.

**Defendants' Position:**

    Please see attached

///
///
///
///
///
///
///
///
///
///

**11. RELIEF.**

**Plaintiff's Position:**

Plaintiff seeks statutory damages, actual damages, attorneys' fees and costs against the named defendants.  The computations of Plaintiff's damages and relief prayed for in the complaint filed in this action are, as follows:

|     |     |     |
| --- | --- | --- |
| a.  | 47 U.S.C. 605 (e)(3)(B)(iii) and (c)(ii): | $ 110,000.00 |
| b.  | 47 U.S.C. 553 (b)(2) and (c)(2)(c): | $  60,000.00 |
| c.  | Conversion: | TO BE DETERMINED |
| d.  | Violation of Cal. B&P §17200 | TO BE DETERMINED |
| e.  | Attorneys' fees: | TO BE DETERMINED |
| f.  | Costs: | TO BE DETERMINED |

Total: **TO BE DETERMINED**

**Defendants' Position:**

Please see attached

**12. SETTLEMENT AND ADR.**

**Plaintiff's Position:**

A Settlement Conference was conducted before the Honorable Chief Magistrate JudgeDonna M. Ryu on September 5, 2024. The case did not settle at that time and frankly the current prospects for settlement are dead in the water.

**Defendants' Position:**

Please see attached

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.**

**Plaintiff's Position:**

    Plaintiff declines jurisdiction of this action by a magistrate judge.

**Defendants' Position:**

    Please see attached

**14. OTHER REFERENCES.**

**Plaintiff's Position:**

    None.

**Defendants' Position:**

    Please see attached

**15. NARROWING OF ISSUES.**

**Plaintiff's Position:**

    The Plaintiff cannot determine at this particular time which issues may be narrowed, as discovery will be necessary to do so.

**Defendants' Position:**

    Please see attached

**16. EXPEDITED TRIAL PROCEDURE.**

**Plaintiff's Position:**

    The Plaintiff believes this case will not require an expedited schedule.

**Defendants' Position:**

Please see attached

## 17. SCHEDULING:

**Plaintiff's Position:**

The Plaintiff proposes the following schedule for future proceedings:

| | | |
|---|---|---|
| a. | Parties last day to amend pleadings: | March 15, 2025 |
| b. | Parties last day to disclose experts: | N/A |
| c. | Fact discovery deadline: | November  15, 2025 |
| d. | Last Day to file dispositive motions: | January 15, 2026 |
| e. | Pre-trial Conference: | To Be Determined by the Court |
| f. | Trial: | To Be Determined by the Court |

**Defendants' Position:**

Please see attached

## 18. TRIAL.

**Plaintiff's Position:**

The Plaintiff believes trial in this action could be conducted in two (2) days.  The Plaintiff requests a trial to commence in March or April 2026.

**Defendants' Position:**

Please see attached

## 19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS.

**Plaintiff's Position:**

The Plaintiff has filed the required disclosure statement.

**Defendants' Position:**

 Please see attached

**20. PROFESSIONAL CONDUCT.**

**Plaintiff's Position:**

 Counsel for the Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Defendants' Position:**

 Please see attached

**21. OTHER MATTERS.**

**Plaintiff's Position:**

 Although highly unlikely, a protective order could be necessary in this action.

**Defendants' Position:**

 Please see attached

///
///
///
///
///
///
///
///

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:24-CV-00089-EMC
PAGE 9 OF 12

1

**Signature and Certification By Lead Trial Counsel**

2          Pursuant to Civil L.R. 16-12, the undersigned certifies that he or she has read the brochure

3  entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available

4  dispute resolution options provided by the Court and private entities and has considered whether their

5  case might benefit from any of the available dispute resolutions options.

6

7

8

9

10

11

12  Date: February 14, 2025              */s/ Thomas P. Riley*
                                        **LAW OFFICES OF THOMAS P. RILEY, P.C.**
13                                      By: Thomas P. Riley
                                        Attorneys for Plaintiff
14                                      G & G Closed Circuit Events, LLC

15

16

17

18  Date:                               *Please see attached*
                                        **Bukhari Najeeullah Baaset and**
19                                      **BNB Wings N Things, LLC**

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

_____
**HONORABLE EDWARD M. CHEN**

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Joint Case Management Statement Response:

1. JURISDICTION AND SERVICE.

Defendants' Position:
Defendants were served (not directly) on or around February-March 2024.

2. STATEMENT OF FACTS AND PRINCIPAL FACTUAL ISSUES TO WHICH THE PARTIES DISPUTE.

Defendants' Position:

Defendant admits to showing said "Program" at "BNB Wings N Things" in San Francisco on said date. Defendant maintains that they were unaware as to the infringement being committed by said showing of "Program".

3. LEGAL ISSUES.

Defendants' Position:
Defendant raises the legal issue of Penal Code Section 31 "accomplice liability" due to the FACT that the plaintiff and representation had adequate prior knowledge of the attempted broadcast of the "Program" yet, did nothing reasonably within their power to prevent the crime from being committed.

These actions taken by plaintiff and representation were for the sole purpose of intending to extort the defendant for money in an amount far greater than the value of the commercial license through threats made by representation (Mr. Riley).

It may be found through further discovery that this pattern of extortion attempts by plaintiff and representation may be in direct violation of 18 U.S.C. §§ 1961-68: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS.

4. MOTIONS.

Defendants' Position:

Defendant anticipates a fair and balanced judgment in the matter, and requests denial of summary judgment in limine in advance of trail. Defendant also anticipates filing a motion to proceed in forma pauperis, near term.

5. AMENDMENT OF PLEADINGS.

Defendants' Position:
The Defendant recognizes the Plaintiff's position at this time.

6. EVIDENCE PRESERVATION.

Defendants' Position:
The Defendant recognizes that the Plaintiff has taken affirmative steps to preserve evidence related to the issues presented by the instant action.

7. DISCLOSURES.

Defendants' Position:
The Defendant does not dispute that the Plaintiff served its Initial Disclosures on or around August 21, 2024

8. DISCOVERY.

Defendants' Position:
The Defendant also respectfully requests that the discovery in this action not be limited. Defendant is open to all necessary vehicles of discovery.

9. CLASS ACTION.

Defendants' Position:
Based on the findings of Discovery, Defendant may bring about Class Action against plaintiff.

10. RELATED CASES.

Defendants' Position:
Defendant acknowledges that there are no other active commercial signal piracy cases involving the instant defendants pending before the United States District Court for the Northern District of California (or any other Court) at this time.

11. RELIEF.

Defendants' Position:
The Defendant denies statutory damages as well as attorneys' fees and costs. Defendant agrees with actual damages in this matter in the amount of the commercial license fee.

12. SETTLEMENT AND ADR.

Defendants' Position:
The Plaintiff's current demands for settlement are unreasonable at best in relation to the matter at hand.

13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

Defendants' Position:
Defendant has no preference on jurisdiction of this action by a magistrate judge at this time.

14. OTHER REFERENCES.

Defendants' Position:
To be determined.

15. NARROWING OF ISSUES.

Defendants' Position:
The Defendant cannot determine at this particular time which issues may be narrowed, as discovery will be necessary to do so.

16. EXPEDITED TRIAL PROCEDURE.

Defendants' Position:
The Defendant believes this case will not require an expedited schedule.

17. SCHEDULING.

Defendants' Position:
 a. Parties last day to amend pleadings:  June 15, 2025
b. Parties last day to disclose experts: N/A
c. Fact discovery deadline: December 15, 2025
d. Last Day to file dispositive motions: March 15, 2026
e. Pre-trial Conference: To Be Determined by the Court
f. Trial: To Be Determined by the Court

18. TRIAL.

Defendants' Position:
The Defendant believes trial in this action could be conducted in three (3) weeks.  The Defendant requests a trial to commence in June or July 2026.

19. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants' Position:
The Defendant has filed the required disclosure statement.

20. PROFESSIONAL CONDUCT

Defendants' Position:
Defendant shall review the Guidelines for Professional Conduct for the Northern District of California.

21. OTHER MATTERS.

Defendants' Position:
It is highly unlikely that a protective order could be necessary in this action due to the fact that the restaurant in question where the "Program" took place was closed in June 2023.

Bukhari Baaset

2/18/2025

1
2
## PROOF OF SERVICE (SERVICE BY MAIL)

3       I declare that:

4
5       I am employed in the County of Los Angeles, California. I am over the age of eighteen years
and not a party to the within cause; my business address is 1114 Fremont Avenue, South Pasadena,
6 California 91030. I am readily familiar with this law firm's practice for collection and processing of
7 correspondence/documents for mail in the ordinary course of business.

8
9       On February 18, 2025, I served:

10  **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

11      On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage
prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:
12

13      Bukhari Najeeullah Baaset
        BNB Wings N Things, LLC,
14      3600 Sierra Ridge Avenue, #5304
        Richmond, CA 94806
15

16          I declare under the penalty of perjury pursuant to the laws of the United States that
the foregoing is true and correct and that this declaration was executed on February 18, 2025, at
17 South
Pasadena, California.
18

19

20  Dated: February 18, 2025                    */s/ Leticia Estrada*
                                                **LETICIA ESTRADA**
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**
**CASE NO. 3:24-CV-00089-EMC**
**PAGE 12 OF 12**