UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br>Plaintiff, <br><br>v. <br><br>BUKHARI NAJEEULLAH BAASET, et al., <br><br>Defendants. | Case No. 24-cv-00089-EMC <br><br>**ORDER RE STATUS REPORT** <br><br>Docket Nos. 42, 43, 62 |

    Plaintiff G&G Closed Circuit Events, LLC has filed suit against Defendants Najeeullah Baaset (individually and d/b/a BNB Wings N' Things) and BNB Wings N' Things LLC ("BNB LLC"). According to G&G, Defendants run a commercial establishment and, on April 22, 2023, unlawfully intercepted and broadcast a program for which G&G had the exclusive nationwide commercial distribution rights. Previously, the Court ordered the parties to meet and confer and then file a status report providing an update on the results of that meet and confer. The parties have now met and conferred and filed a status report. Having reviewed such, the Court hereby orders as follows.

    1.    Plaintiff's motions to strike (Docket No. 42 and 43) are moot. The parties have reached an agreement that moots the two motions: Defendants may amend their answer (including affirmative defenses) and will no longer pursue any counterclaim against Plaintiff.

    2.    It appears that the parties were not able to reach a settlement after meeting and conferring and thus will move forward with a settlement conference with Magistrate Judge Ryu. The remaining issue is what discovery is needed in advance of settlement. *See* Docket No. 55 (Order at 2) (stating that full merits discovery is not, at this juncture permitted, because "attorneys'

fees would easily dwarf the monetary value of the case to Plaintiff, which would then likely kill the prospect of a settlement"). Defendants have stated they are willing to produce "streaming service records, business records related to the event in question, business records related to other events not involving the display or rendition of any 3rd party's content (for purpose of establishing a baseline business)." Status Rpt. at 5. They shall do so. In addition, the Court shall permit Plaintiff to propound narrowly tailored document requests and up to ten interrogatories (for Defendants collectively). It shall also permit the deposition of the individual defendant (who is, as alleged, the managing member and officer of the defendant LLC). No other depositions shall be permitted at this time; nor are document subpoenas permitted at this time. The scope of discovery is limited to the program identified in the complaint. The Court will not permit a fishing expedition to see if Defendants engaged in other alleged violations of Plaintiff's commercial distribution rights.

**IT IS SO ORDERED**.

Dated: May 22, 2025

_____
EDWARD M. CHEN
United States District Judge